IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEMETHA BROWN JACKSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-343-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Demetha Brown Jackson, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

On April 3, 2012, Petitioner pleaded guilty in the United States District Court for the District of Nevada to one count of conspiracy to distribute oxycodone and, on January 2, 2013, she was sentenced to a 46-month term of imprisonment. Amended Minutes and J. in a Criminal Case, *United States v. Jackson,* Criminal Docket No. 2:10-cr-547-RLH-GWF-5, ECF Nos. 558, 755, 761. Petitioner did not appeal her conviction and/or sentence and did not pursue a § 2255 motion in the convicting court. This federal petition was received for filing on May 15, 2014. Pet. 1, ECF No. 2. Petitioner raises one ground for habeas relief wherein she complains of the conditions of her confinement at FMC-Carswell–specifically, that she has been denied medical treatment for medical

Case 4:14-cv-00343-O   Document 7   Filed 06/06/14   Page 2 of 3   PageID 28

conditions she has developed since her incarceration. Pet. 1-2, ECF No. 2.[1] Petitioner seeks immediate, unconditional release so that she can obtain "proper medical care uninterrupted." Pet. 2, ECF No. 2.

## II. DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his or her accelerated release. Thus, Petitioner's petition related to her medical needs and treatment is not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (holding a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (holding claims

---

[1] The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

of overcrowding, denial of medical treatment and access to an adequate law library not proper subject for a habeas corpus petition). Even if she could prove the claims, she has not shown a legal basis for obtaining accelerated release.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** on this **6th** day of **June, 2014.**

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE